Dolbeer *v.* Casey.

[Monroe General Term, December 4, 1854. *Johnson, Welles* and *T. R. Strong,* Justices.]

---

## Dolbeer *vs.* Casey, executor, &c.

A person having a claim against the estate of a deceased person, which has been presented to, and disputed or rejected by, the executor, and has not been referred, is not obliged to commence an action thereon within six months, merely because the notice to creditors, to present their claims, has not been published in more than one newspaper.

A publication of such notice in one newspaper printed in the county is sufficient, unless the surrogate directs a publication in some other paper or papers, also.

Application must be made to the surrogate, on the subject; but if he does not deem that a publication in more than a single paper, being one in the county, would aid the object of securing notice to the creditors, it need not be published in any other.

His order that notice be published in a specified paper in the county, without mentioning a publication in any other, is evidence that he did not deem a publication in other newspapers necessary.

MOTION by the defendant for a new trial, upon exceptions. The plaintiff, in his complaint, alleged that on the 10th day of May, 1849, Baxter Bowman, the defendant's testator, in his lifetime, was the husband of Abigail Bowman ; and at the request of said Baxter Bowman, the said Abigail Bowman and the infant children of the said Baxter boarded with and were kept by one Samuel Bowman, and by him, at the request of the said Baxter, were furnished and provided with food, provisions and lodging, washing, medical attendance and advice, and clothing necessary for their comfort, for the period of six years, then last past; that the said food, board, &c. during said six years, so furnished by the said Samuel Bowman for the wife and children of the said Baxter, during his lifetime, was reasonably worth the sum of two thousand dollars ; that said Baxter Bowman, during his lifetime, on the 2d day of May, 1849, promised the said Samuel Bowman to pay to him a reasonable compensation for the food, board, lodging, &c. so furnished by the said Samuel Bowman ; that after the death of the said Baxter, on the 1st day of May, 1850, the defendant, as executor of the last will and testament of the said Baxter, promised to pay the said Samuel, for the food, board, &c. so furnished to the wife and children of the said Baxter, during his lifetime, a reasonable compensation ; that the said Baxter Bowman died on or about the 10th day of May, 1849, and that the defendant was, by the last will and testament of said Baxter Bowman, appointed executor thereof; that on the 16th day of July, 1852, the said Samuel Bowman, for a valuable consideration to him paid, sold and assigned the said demand to the plaintiff in this action ; that neither the said Baxter, during his lifetime, nor the said Lyman Casey, has paid said demand, nor any part thereof.

The plaintiff alleged that there was due to him from the defendant, executor as aforesaid, upon and by virtue of the demand so sold and assigned to him by the said Samuel Bowman, the

sum of two thousand dollars, no part of which had been paid. Wherefore, the plaintiff demanded judgment against the defendant for said sum of two thousand dollars, besides costs.

The defendant, after denying generally, in his answer, all the allegations of the complaint, alleged that more than seven years and six months before the said 10th day of May, 1849, Abigail Bowman, the wife of the said Baxter Bowman, left the bed and board of the said Baxter Bowman, and refused to live or cohabit with him; that said Baxter Bowman offered to support and provide for said Abigail in a proper manner; that said Abigail refused to accept the provision so offered for her support, and left the town of York, where the said Baxter Bowman resided, and took up her residence in the province of Upper Canada, with the said Samuel Bowman and one Clayton, the said Samuel Bowman being a son of the said Baxter and Abigail Bowman, and said Clayton being a son-in-law of the said Baxter and Abigail, and the said Samuel Bowman and Clayton then being general partners in business in the province of Upper Canada aforesaid; that after said Abigail left the bed and board of said Baxter Bowman as aforesaid, and more than seven years and six months before the said 10th day of May, 1849, Baxter Bowman caused a notice, signed by himself, to be published in a public newspaper, printed and published at Geneseo, in the county of Livingston, (in which said county said Baxter Bowman then resided,) which notice, in substance, forbade all persons harboring or trusting the said Abigail Bowman on account of said Baxter Bowman, as he, the said Baxter Bowman, would pay no debts of her contracting after the date of said notice; and that said notice, at the time of its publication, came to the knowledge of the said Samuel Bowman. For an answer to those parts of the plaintiff's complaint in which he claimed to recover for the board, keeping, clothing, food, provision, washing, lodging, medical attendance and advice, and schooling, furnished to and for the minor children of said Baxter Bowman, by the said Samuel Bowman, the defendant alleged that all the children of said Baxter Bowman were more than twenty-one years of age on the 10th day of May, 1849, and that each and

all the children of said Baxter Bowman were and had been of the age of twenty-one years and upwards on said 10th day of May, 1849, for the term of over six years then last past ; and that the said Baxter Bowman, in his lifetime, did not, within six years before the 10th day of May, 1849, request said Samuel Bowman to provide and furnish for his minor child or children, or any child of said Baxter Bowman, with board, keeping, clothing, food, provision, washing, lodging, medical attendance and advice, or schooling ; and that said Baxter Bowman did not, at any time within six years before the day of his death, to wit, the said 10th day of May, 1849, promise to pay said Samuel Bowman for any board, keeping, clothing, food, provisions, washing, lodging, medical attendance and advice, or schooling, furnished or provided by said Samuel Bowman, for the minor children or any child or children of the said Baxter Bowman, deceased. For a further answer the defendant alleged, that on the 9th day of April, 1850, and more than six months after letters testamentary were granted to him, the defendant, as executor of the last will and testament of said Baxter Bowman, deceased, made application to the surrogate court of Livingston county, for an order authorizing him, as executor as aforesaid, to cause a notice to be published, according to law, requiring all persons having claims against said Baxter Bowman, deceased, to present the same, with the vouchers thereof, to the defendant, as executor as aforesaid, at his house in the town of York, in said county ; that thereupon an order was duly entered in the surrogate court, on the said 9th day of April, in substance, as follows : " On the application of Lyman Casey, setting forth that six months and upwards has elapsed since he was appointed executor of the estate of Baxter Bowman, deceased, it is ordered that said executor insert a notice, once in each week for six months, in the Livingston Republican, requiring all persons having claims against said deceased to present the same with the vouchers thereof, to the said executor, at his house in the town of York, in said county, on or before the 1st day of November next." That on the 11th day of April, 1850, the defendant caused the notice specified in said order to be inserted

in the said Livingston Republican, a public newspaper published at Geneseo, in said county of Livingston, and the same was published in said Livingston Republican once in each week for six months; that on the 3d day of May, 1850, Samuel Bowman, the assignor of the claim upon which this action is brought, presented the said claim to this defendant, as executor of the last will and testament of said Baxter Bowman, deceased, pursuant to said notice, which said claim was duly verified by the oath of the said Samuel Bowman, and the defendant then disputed and rejected said claim, and the same was not referred pursuant to the statute in such case made and provided, and no action was commenced on said claim within six months thereafter. The defendant also alleged that he had fully administered the goods, chattels and credits of said Baxter Bowman, deceased, and that there was no money or effects of said deceased in his hands to pay the claim of the plaintiff.

The cause was tried at the Livingston circuit, in October, 1853, before Justice Welles and a jury. The plaintiff proved that, several years before his death, Baxter Bowman, the defendant's testator, abandoned his family, and refused to provide for them; and that his wife, being entirely destitute of the means of support, was received and supported by Samuel Bowman, the plaintiff's assignor. The plaintiff also proved the value of the necessaries thus furnished to the testator's wife, and the assignment of the claim therefor, by Samuel Bowman to the plaintiff. The defendant gave in evidence an order made by the surrogate of Livingston county, on the 9th of April, 1850, reciting a petition of the defendant, Lyman Casey, setting forth that six months and upwards had elapsed since he was appointed executor of the estate of Baxter Bowman, deceased; and directing said executor to insert a notice, once in each week for six months, in the Livingston Republican, requiring all persons having claims against the deceased to present the same, with the vouchers, to the said executor, on or before the 1st day of November then next. The publication of a notice of this order in the Livingston Republican, once in each week, for six months, commencing on the 11th of April, 1850, was

Dolbeer *v.* Casey.

also proved. The defendant also proved, that about the 1st of May, 1850, Samuel Bowman presented a bill to the executor for the support of the testator's wife ; and that the executor objected to the account, and refused to pay it. This action was commenced on the 18th of August, 1852. Letters testamentary were issued to the defendant on the 8th of October, 1849.

The testimony being closed, the defendant's counsel requested the judge to charge the jury that if they believed, from the evidence, that the demand for the support of the testator's wife was presented to the defendant as executor, after the publication of the notice to creditors, and more than six months before the commencement of this action, and was disputed or rejected by the executor, that then the plaintiff was barred from maintaining any action thereon. The judge refused so to charge the jury, but charged, that inasmuch as the defendant had not shown that said notice to creditors was published in more than one newspaper for the space of six months, the statute requiring an action to be commenced within six months after a claim is presented to an executor and disputed or rejected by him, did not apply to this case. The defendant's counsel excepted to the charge, and to the refusal to charge as requested. The counsel for the defendant further requested the judge to charge, that the plaintiff was not entitled to recover any thing for the support of the testator's wife prior to September, 1845, because it appeared that up to that time she was supported by the joint funds of Wm. E. Clayton and Samuel Bowman, and the plaintiff did not show any title to Clayton's interest in the demand. The judge refused so to charge, but charged that if the plaintiff was entitled to recover at all, he was entitled to recover for the support of Mrs. Bowman for six years next previous to her death. To which charge and refusal the defendant excepted. The jury found a verdict for the plaintiff for $849.

*R. P. Wisner,* for the plaintiff.

*Kelsey & Davis,* for the defendant.

Dolbeer *v.* Casey.

*By the Court,* T. R. STRONG, J.   The omission and refusal of the deceased to provide for his wife was fully proved; and the motion for a nonsuit was properly denied.   He declared he would not provide for his family, and abandoned them.   The wife was in actual want, when she was received and taken care of by the assignor of the plaintiff.

The question presented upon the refusal of the justice to charge as first requested is, whether an executor or administrator is entitled to the benefit of the six month's limitation prescribed by § 38 of 2 R. S. p. 89, for the commencement of an action upon a claim presented to and disputed or rejected by him, and which has not been referred, when a notice to creditors under § 34, (*Id. p.* 88,) to present their claims, has not been published in more than one newspaper.   It was proved that letters testamentary were issued to the defendant, as executor, by the county judge of Livingston county, acting as surrogate, on the 8th of October, 1849; that on the 9th of April, 1850, an order was duly made by the same officer, that the defendant insert a notice, once in each week for six months, in the Livingston Republican, requiring all persons having claims against the deceased, to present the same, &c., on or before the first day of November then next; and that a notice was published in said paper as required by the order, once in each week for six months, commencing the 11th day of April, 1850. And evidence was given, tending to prove that about the first of May, 1850, the demand, which is the subject of the action, was presented to the defendant and rejected by him.   By § 34, referred to, "any executor or administrator, at any time, at least six months after the granting of the letters testamentary or of administration, may insert a notice, once in each week for six months, in a newspaper printed in the county, and in so many other newspapers as the surrogate may deem most likely to give notice to the creditors of the deceased, requiring all persons having claims against the deceased, to exhibit the same, with the vouchers thereof, to such executor or administrator, at the place of his residence or transaction of business, to be specified in such notice, at or before the day therein named, which

shall be at least six months from the day of the first publication of such notice." Upon the construction given to this section at the trial, a publication of the notice in at least two newspapers is requisite, in order to comply with it—one published in the county, or if there is none therein, in an adjoining county, by § 10, (2 *R. S.* 552,) and one or more other newspapers—so many more "as the surrogate may deem most likely to give notice," &c.—but he must designate one other, either in the same county or elsewhere. This, in my opinion, is not the spirit of the provision. As I understand it, a publication in a newspaper in the county is sufficient, unless the surrogate directs a publication also in some other paper or papers. Application must be made to the surrogate on the subject; but if he does not deem that a publication in more than a single paper, being one in the county, would aid the object of securing notice to the creditors, it need not be published in any other. His order, that notice be published in a specified paper in the county, without referring to a publication in any other, is evidence that he did not deem that publication in other newspapers would be of service. The legislature designed to leave it to the surrogate to determine, in view of the object to be accomplished, of notice to creditors, whether a publication in any paper beyond a single one in the county, should be made. And this, so far as I know, is the practical construction which has been given to this section by surrogates generally.

The refusal to charge as secondly requested, was correct. Although, for a portion of the period covered by the plaintiff's demand, the wife was supported from the joint funds of the assignor of the plaintiff and his copartner, and it was under an agreement that their respective families should be provided for from that source, the assignor must be deemed to have supported her. Each partner was authorized to take of the partnership property and funds to support his family, but each supported his own family as much as if he had used his own private funds for the purpose. An individual right to take from company funds and effects for family purposes, was, by agreement, possessed

by each partner. The right of each was allowed, in considera-
tion of his conceding a like right to the other.

My conclusion is, that a new trial should be granted, with
costs to abide the event.

